[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15969
Non-Argument Calendar
_____

Agency No. A075-788-646

BYKOTA AGHARESE OMOBUDE,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 1, 2013)

Before CARNES, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Bykota Agharese Omobude petitions for review of the final order of the

Board of Immigration Appeals dismissing her appeal of the Immigration Judge's

denial of her motion to reopen her in absentia order of removal.

"We review the BIA's denial of a motion to reopen for abuse of discretion." Ali v. United States Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).  Our review of an order entered in absentia is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable."  8 U.S.C. § 1229a(b)(5)(D).

Any alien who does not attend a proceeding is subject to removal in absentia if the government establishes by "clear, unequivocal, and convincing evidence" that it gave the alien written notice of the time and place of the hearing.  8 U.S.C. § 1229a(b)(5)(A); 8 U.S.C. § 1229(a)(1)(G)(i).  "[A] mailing to the last known address [of the alien] is sufficient to satisfy the INS's duty to provide an alien with notice of a deportation proceeding."  United States v. Zelaya, 293 F.3d 1294, 1298 (11th Cir. 2002); see also 8 U.S.C. § 1229a(b)(5)(A).  An in absentia removal order may be rescinded "upon a motion to reopen . . . if the alien demonstrates that [she] did not receive notice."  8 U.S.C. § 1229a(b)(5)(C)(ii).

Omobude's sole argument on appeal is that she did not receive—and could not have received—notice of the hearing because no such notice ever existed.  She bases this argument on her contention that the government failed to provide the immigration court with the notice it allegedly sent to her.  That contention is incorrect.  The administrative record contains a notice dated September 23, 1999

that gives the date and location of the hearing and is marked as mailed to the address provided by Omobude.

**PETITION DENIED.**